IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:24-CR-64-KAC-JEM |
| ) | |
| AARON FOMBY, ) | |
| KY'ASIA RODGERS, and ) | |
| RAYNARD TURNER, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Aaron Fomby's Motion to Continue Trial and Plea Agreement Deadline [Doc. 86], filed on December 10, 2024, as well as Defendant Raynard Turner's [Doc. 87] and Defendant Ky'Asia Rodgers's [Doc. 88] motions to adopt the motion to continue, both filed on December 12, 2024.

Defendant Fomby asks the Court to continue the trial date and plea deadline [Doc. 86]. In support of his motion, Defendant asserts that he needs further time to review discovery and continue negotiating a plea agreement with the Government [*Id.* ¶¶ 2, 6]. Defendant Fomby's motion reflects that the Government and all codefendants do not oppose [*Id.* ¶¶ 4–5]. Defense counsel confirmed with Chambers via email that Defendant Fomby understands his right to a speedy trial.

Defendant Turner seeks to join in Defendant Fomby's motion to continue [Doc. 87]. In support of his motion, Defendant Turner asserts that plea negotiations with the Government have been ongoing: he requests additional time to thoroughly assess a possible agreement with his

counsel [*Id.*]. He states that he understands the right to a speedy trial [*Id.*]. Similarly, Defendant Rodgers seeks to join in the motion [Doc. 88]. She asserts that she is similarly situated to Defendant Fomby [*Id.*]. She states that she understands her right to a speedy trial [*Id.*].

Based upon the parties' positions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for Defendants Fomby, Turner, and Rodgers need additional time to review discovery, engage in plea negotiations, and prepare for trial if such negotiations are not fruitful. The Court finds that all of this cannot occur before the January 14, 2025 trial date.

The Court therefore **GRANTS** Defendant Aaron Fomby's Motion to Continue Trial and Plea Agreement Deadline [**Doc. 86**], and Defendant Raynard Turner's [**Doc. 87**] and Defendant Ky'Asia Rodgers's [**Doc. 88**] motions to adopt the motion to continue. The trial of this case is reset to **July 8, 2025**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the initial motion on December 10, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Aaron Fomby's Motion to Continue Trial and Plea Agreement Deadline [**Doc. 86**] is **GRANTED**;

(2) Defendant Raynard Turner's Motion to Adopt Motion to Continue Trial and Plea Agreement Deadline [**Doc. 87**] is **GRANTED**;

(3) Defendant Ky'Asia Rodgers's Motion to Continue Trial and Plea Deadline and to Join in Motion to Continue Trial and Plea Deadline [**Doc. 8**] is **GRANTED**;

(4) the trial of this matter is reset to commence on **July 8, 2025, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(5) all time between the filing of the motion on **December 10, 2024**, and the new trial date of **July 8, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(6) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **June 9, 2025**;

(7) the deadline for filing motions *in limine* is **June 23, 2025**;

(8) the parties are to appear before the undersigned for a final pretrial conference on **June 24, 2025, at 1:30 p.m.**; and

(9) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 27, 2025**.

**IT IS SO ORDERED.**

ENTER:

_/s/ Jill E. McCook_
Jill E. McCook
United States Magistrate Judge