IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-64-KAC-JEM |
| | ) | |
| AARON FOMBY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on the Motion to Withdraw as Counsel for Defendant Fomby [Doc. 100], filed by Attorney Kimberly A. Parton on February 14, 2025, and the pro se Motion for Appointment of New Counsel Due to Ineffective Assistance of Counsel and Request for Video Recording [Doc. 101], filed by Defendant Fomby on February 18, 2025. *See* 28 U.S.C. § 636(b). The parties appeared for a hearing on this motion on February 26, 2025. Assistant United States Attorney Cynthia Davidson represented the Government. Attorney Kimberly Parton appeared with Defendant Fomby, who was also present. CJA Attorney Christopher Stephen McGrath was also present at the Court's request.

The Court appointed Attorney Kimberly A. Parton to represent Defendant Fomby at his initial appearance and arraignment on June 27, 2024 [Doc. 15]. On February 14, 2025, Attorney Parton filed a Motion to Withdraw as Counsel for Defendant Fomby [Doc. 100]. In the motion, Attorney Parton states that she has met with Defendant Fomby multiple times, and each meeting has been "contentious" [Doc. 100 p. 1]. While they have tried to resolve their differences, Defendant Parton has expressed his desire to fire Attorney Parton [*Id.*]. Attorney Parton asserts that the relationship as deteriorated such that the two cannot effectively work together [*Id.*]. On

Case 3:24-cr-00064-KAC-JEM    Document 106    Filed 02/27/25    Page 1 of 3    PageID #: 303

February 18, 2025, Defendant Fomby filed a pro se Motion for Appointment of New Counsel Due to Ineffective Assistance of Counsel and Request for Video Recording [Doc. 101]. In the pro se motion, Defendant Fomby sets forth reasons why he requests the Court to appoint new counsel, including his assertions that counsel acted without his knowledge and made false representations.[1]

At the motion hearing, the Government confirmed that it had no position on the motion. The Court also conducted a sealed, ex parte portion of the hearing to learn more about the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court is reasonably satisfied that there are sufficient grounds to warrant substitution of counsel based on a strained attorney-client relationship, which is suffering from a breakdown of communication and trust that has compromised beyond repair Attorney Parton's ability to continue to defend Defendant Fomby and to render effective assistance of counsel.[2] Accordingly, the Court finds that good cause exists to substitute new counsel under the particular circumstances of this case. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (requiring defendant to show good cause for the substitution of counsel).

Therefore, the Motion to Withdraw as Counsel for Defendant Fomby [**Doc. 100**] and the pro se Motion for Appointment of New Counsel Due to Ineffective Assistance of Counsel and Request for Video Recording [**Doc. 101**] are **GRANTED**. Attorney Parton is relieved as counsel of record for Defendant Fomby and Attorney Parton is **DIRECTED** to provide new counsel with discovery and the information from Defendant Fomby's file. The Court recognizes the need for

---

[1] Defendant Fomby makes other requests for relief in this filing. New counsel is **DIRECTED** to review those requests and take any appropriate action.

[2] The Court makes no finding that Attorney Parton has rendered ineffective assistance of counsel—only that her ability to render effective assistance is compromised due to the breakdown in communication and trust.

2

Defendant Fomby to be represented continuously by counsel. Attorney Stephen McGrath was present at the hearing and agreed to accept representation of Defendant Fomby. The Court **SUBSTITUTES** and **APPOINTS** Attorney McGrath under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, as counsel of record for Defendant Fomby.

Accordingly, it is **ORDERED**:

(1) the Motion to Withdraw as Counsel for Defendant Fomby [**Doc. 100**] and Defendant's pro se Motion for Appointment of New Counsel Due to Ineffective Assistance of Counsel and Request for Video Recording [**Doc. 101**] are **GRANTED**;

(2) Attorney Kimberly A. Parton is **RELIEVED** of her representation of Defendant Fomby, and Attorney Parton is **DIRECTED** to provide new counsel with the discovery and information from Defendant Fomby's file;

(3) Attorney Stephen McGrath is **SUBSTITUTED** and **APPOINTED** as Defendant Fomby's counsel of record under the CJA;

(4) given that Local Rule 83.4(c) prohibits a party from filing motions on his own behalf while represented by counsel, the pro se Motion to Suppress Evidence Obtained Via Wiretap [**Doc. 102**] and the pro se Motion to Dismiss for Violation of the Speedy Trial Act [**Doc. 103**] are **DENIED**;

(5) new counsel is **DIRECTED** to review his client's pro se filings and take any appropriate action; and

(6) for reasons discussed on the record, the Government is **ORDERED** to provide discovery to new counsel on or before **March 5, 2025**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge