IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-64-KAC-JEM |
| | ) | |
| AARON FOMBY, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This case is before the undersigned on referral [Doc. 229] of Defendant Aaron Fomby's Motion for Unescorted Funeral Furlough [Doc. 227], filed on December 2, 2025. *See* 28 U.S.C. § 636(b). Defendant first appeared on June 27, 2025 [Doc. 13, Minutes]. At that time, he waived a detention hearing [Doc. 20] and was detained pending trial or further proceedings [Doc. 23]. He is charged in a Superseding Indictment with conspiring to distribute 400 grams or more of a substance containing fentanyl (Count One), conspiring to distribute 50 grams or more of a substance containing fentanyl (Count Two), and money laundering (Count Three) [Doc. 109]. Defendant, who is detained in London, Kentucky, asks to be released on a furlough so that he may attend the viewing and funeral services for his mother, which will occur on December 6, 2025, at 1:30 p.m., and a repast at 2:30 p.m., in Detroit, Michigan [Doc. 227 p. 1]. Defendant proposes that he be transported to and from the services by his brother Darrin Fomby, who Defendant proposes serve as his third-party custodian [*Id*. at 2]. Defendant asks to be released at 5:00 p.m. on December 5, 2025, and to return to custody by 5:00 p.m. on December 7, 2025 [*Id*. at 1]. While in Michigan, Defendant will remain at his brother's residence when not traveling or attending the

services [*Id.* at 2]. Defendant submits letters from family members in support of his request [Docs. 227-2].

The Government responds in opposition to the furlough, arguing Defendant presents a danger to the community and a risk of flight [Doc. 231 p. 1]. It observes that the United States Probation Office recommended detention at the time of Defendant's initial appearance, finding no conditions or combination of conditions that would reasonably assure Defendant's appearance or the safety of the community [*Id.*]. The Government also points out that according to Defendant's Amended Pretrial Services Report, Defendant has an outstanding warrant in Michigan for a probation violation and may have a Tennessee warrant for violation of probation for a 2024 conviction for the manufacture, sale, or possession of fentanyl [*Id.*].

The Court may order the temporary release of a detained defendant if two conditions are met: (1) the defendant can be released into "the custody of a United States marshal or another appropriate person" and (2) the court determines the release to be necessary for the defendant to prepare his defense or "for another compelling reason." 18 U.S.C. § 3142(i). Here, Defendant Bennett cannot meet the first condition. The Court has no information that Defendant's brother is an "appropriate person" to serve as a custodian for the proposed furlough. And even if Defendant had presented such information, the Court does not find that release to a third-party custodian would be appropriate given Defendant's criminal history, including an outstanding arrest warrant in Michigan, and the other issues raised in the Government's response. Accordingly, the Court **DENIES** Defendant's request for release on furlough [**Doc. 227**].

Defendant is detained at the Laurel County Correctional Complex ("LCCC"), which may be able to accommodate Defendant's viewing the services electronically if the services will be streamed. The Defendant's family may contact the LCCC in advance to make these arrangements,

which may or may not be available, to confirm that any streaming technology is compatible with the facility's equipment, and to provide other necessary information. Defense counsel is **DIRECTED** to inform Defendant and his family members of the Court's ruling as soon as possible.

    **IT IS SO ORDERED**.

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge
