UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:24-CR-64-KAC-JEM |
| AARON FOMBY, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on United States District Judge Katherine A. Crytzer's referral [Doc. 259] of Defendant Aaron Fomby's pro se letter [Doc. 245]. Specifically, Judge Crytzer referred the letter to the extent that Defendant Fomby would like the Court to consider the attorney-client relationship [Doc. 259]. *See* 28 U.S.C. § 636(b).

In his pro se filing, Defendant states that this case has been continued three times since the denial of Defendant's motion to sever [Doc. 245 p. 1]. Defendant states that he "formally object[s] to any further continuance" and requests a hearing to protect his right to a speedy trial [*Id.*]. He contends that defense counsel will not file objections for Defendant, nor will counsel file a motion for a detention hearing because counsel believes such motion "lacks a reasonable likelihood of success" [*Id.*]. Defendant attaches a letter from defense counsel to Defendant dated January 6, 2026, in support of his request [*Id.* at 2].

The Court set the matter for a hearing. *See United States v. Riley*, 155 F.4th 787, 792 (6th Cir. 2025) (explaining that the district court must respond when a defendant "express[es] to the court that there is a problem" with the attorney-client relationship).

The day before the hearing, counsel filed a motion for a detention hearing and for pretrial release [Doc. 260].

The parties appeared before the Court for the hearing on February 12, 2026. Assistant United States Attorney Cynthia Davidson appeared in person on behalf of the Government. Attorney Micheal P. McGovern appeared on behalf of Defendant, who was present.

At the hearing, the Government confirmed that it had no position on the matter of the attorney-client relationship. The Court also conducted a sealed, ex parte portion of the hearing to learn more about the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court finds that Defendant does not desire new counsel and that the attorney-client relationship is not irreparably damaged.

Accordingly, because the Court finds good cause to substitute counsel does not exist, the Court **DENIES** any request for new counsel set forth in Defendant's letter [**Doc. 245**]. Defense counsel is **DIRECTED** to coordinate with the United States Probation Office ("USPO") so that the USPO may conduct any further needed interviews and prepare an amended pretrial services report. Once the Court receives an amended pretrial services report, the Court will contact the parties to schedule a detention hearing.

**IT IS SO ORDERED.**

        ENTER:

        *Jill E. McCook*
        Jill E. McCook
        United States Magistrate Judge